UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY INSURANCE FUND and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 FINISHING TRADES INSTITUTE and TRUSTEES OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES NATIONAL PENSION FUND, | ) ) ) ) ) ) ) ) ) ) ) | Index No.: 19-CIV- 11590 |
| Plaintiffs, | ) ) ) | **COMPLAINT** |
| -against- | ) ) | |
| MINELLI CONSTRUCTION CO., INC. a/k/a MINELLI CONSTRUCTION COMPANY, | ) ) ) | |
| Defendant. | ) | |

------------------------------------------------------------------------------------------------

Plaintiffs, Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund and Trustees of the District Council No. 9 Finishing Trades Institute and Trustees of the International Union of Painters and Allied Trades National Pension Fund (hereinafter referred to as the "Funds") (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

**JURISDICTION AND VENUE**

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3.  Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4.  This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

## **PARTIES**

5.  The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the D.C.9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and various employers pursuant to the terms of the Collective Bargaining Agreements in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6.  The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf an employer is required to contribute to the Funds pursuant to a Letter of Agreement to a project incorporating a Trade Agreement (hereinafter referred to as the "Agreement") between the employer and the Union. The Funds are authorized to collect contributions on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized

2

to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Trade Agreement and Trust Indentures that concern the protection of employee benefit rights

7. The Funds are also the collecting agent for the Labor-Management Cooperation Initiative and National Finishing Trades Institute, Political Action Together – Political Committee, and the Industry Promotion Funds.

8. The Funds' principal office is located and administered at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

9. Upon information and belief, the Defendant, Minelli Construction Co., Inc. a/k/a Minelli Construction Company (hereinafter referred to as the "Employer" or the "Defendant") at all relevant times, was and is an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10. Upon information and belief, the Defendant is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 850 Sylvan Avenue, Bayport, New York 11705, in the County of Suffolk and with a post-office address located at P.O. Box 660, Patchogue, New York, 11772, in the County of Suffolk.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11. The Employer executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

12. The Agreement and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the

hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in a timely fashion in accordance with the Agreement and the rules and regulations established in the Policy.

13. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement there became due and owing to the Funds from the Employer late charges.

14. Pursuant to the Agreement and Policy upon the Employer's failure to remit benefit contributions in a timely fashion and failure to remit the late charges to the Funds' office, the Employer is obligated to pay late charges that consists of interest and liquidated damages. Article XXII Section 2(a) and (b) of the Agreement states, in pertinent part, "that if the required Art. XX Fringe Benefit Contributions shall become delinquent, the amount of damage resulting from any such delinquency shall be, by way of liquidated damages, and not as a penalty, a sum equivalent to 10% of the total Art. XX Fringe Benefit Contributions required pursuant to this Trade Agreement, for each failure to pay in full with the time provided.....in addition to the amount assessed as liquidated damages, interest shall be added to the obligation...calculated monthly at the annual rate of the prime rate plus 2.0%, which shall be calculated based upon the sum of all Art. XX Fringe Benefit Contributions due for the period...."

15. In addition, Article XXII Section 2(c) of the Agreement provides that should it become necessary to proceed with legal action to collect the late charges, the Employer shall be responsible for attorneys' fees court costs and disbursements incurred in collecting the late charges.

16. The Defendant has failed and refused to remit to the Funds for the period week ending August 26, 2014 through September 2, 2014, week ending August 25, 2015 through September 29, 2015, week ending October 20, 2015, week ending November 10, 2015 through November 17,

4

2015, week ending December 29, 2015 through January 5, 2016, week ending January 19, 2016, week ending September 6, 2016 through September 13, 2016, week ending October 11, 2016 through November 1, 2016, week ending November 15, 2016, week ending November 21, 2017 through November 28, 2017, week ending December 12, 2017 through January 23, 2018, week ending February 6, 2018 through April 30, 2018, week ending May 8, 2018 through June 5, 2018, week ending June 19, 2018 through June 26, 2018, week ending July 10, 2018 through August 21, 2018 and week ending January 8, 2019 through June 11, 2019 the late charges due and owing under the Agreement in the amount of $9,848.07.

17. The Defendant's failure, refusal or neglect to remit the late charges to the Plaintiffs constitutes a violation of the Trade Agreement between the Defendant and the Union wherein the Funds are third party beneficiaries.

18. Pursuant to the Trade Agreement upon the Defendant's failure to purchase stamps in a timely fashion and failure to remit the late charges to the funds' office, the Defendant is obligated to pay late charges that consists of interest at the rate of 2% percent above prime per annum and liquidated damages at the rate of 20% if the matter is referred to legal counsel.

19. In addition, should it become necessary to proceed with legal action to collect the late charges, the Defendant shall be responsible for attorneys' fees at the hourly rate charged to the funds and court costs and disbursements incurred in collecting the late charges.

20. Accordingly, the Defendant is liable to Plaintiffs for unpaid late charges for the period week ending August 26, 2014 through September 2, 2014, week ending August 25, 2015 through September 29, 2015, week ending October 20, 2015, week ending November 10, 2015 through November 17, 2015, week ending December 29, 2015 through January 5, 2016, week ending January 19, 2016, week ending September 6, 2016 through September 13, 2016, week ending October 11, 2016 through November 1, 2016, week ending November 15, 2016, week ending

5

November 21, 2017 through November 28, 2017, week ending December 12, 2017 through January 23, 2018, week ending February 6, 2018 through April 30, 2018, week ending May 8, 2018 through June 5, 2018, week ending June 19, 2018 through June 26, 2018, week ending July 10, 2018 through August 21, 2018 and week ending January 8, 2019 through June 11, 2019 in the amount of $9,848.07, plus court costs and disbursements and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

21. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1 through 20" of this Complaint as if set forth at length herein.

22. Pursuant to the Agreement and/or Policy for Collection of Delinquent Contributions, the Defendant is required to timely purchase benefit stamps from the funds' office.

23. Upon information and belief, the Defendant has in the past failed to timely purchase benefit stamps from Plaintiffs and is in breach of the Agreement.

24. During the course of the instant action, late charges may become due and owing. If Defendant fails to timely purchase the benefit stamps, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, Minelli Construction Co., Inc. a/k/a Minelli Construction Company as follows:

On the First and Second Claims for Relief:

     (a) In the sum of $9,848.07 for the period week ending August 26, 2014 through September 2, 2014, week ending August 25, 2015 through September 29, 2015, week ending October 20, 2015 through November 10, 2015 through November 17, 2015, week ending December 29, 2015 through January 5, 2016, week ending January 19, 2016, week ending September 6, 2016 through September 13, 2016, week ending October 11, 2016 through November 1, 2016, week ending November 15, 2016, week ending November 21, 2017 through November 28, 2017, week ending December 12, 2017 through January 23, 2018, week ending February 6, 2018 through April 30, 2018, week ending May 8, 2018 through June 5, 2018, week ending June 19, 2018 through June 26, 2018, week ending July 10, 2018 through August 21, 2018 and week ending January 8, 2019 through June 11, 2019;

(b) Attorneys' fees and court costs and disbursements as set forth in the Trade Agreement and the Policy for Collection of Delinquent Contributions;

(c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
      December 18, 2019

Respectfully submitted,

BARNES, IACCARINO &
SHEPHERD LLP

Dana L. Henke, Esq.
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515